# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIVERHOUNDS LENDER, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-1392 |
| PITTSBURGH URBAN INITIATIVES SUB-CDE 3, LP, | ) ) ) ) | Judge Cathy Bissoon |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, Plaintiff's Emergency Motion for Remand to State Court or, In the Alternative, for Abstention ("Motion for Remand") (**Doc. 2**) will be granted. Defendant's Motion to Strike Plaintiff's Reply ("Motion to Strike") (**Doc. 12**) will be granted.

## I. MEMORANDUM

**BACKGROUND**

Pittsburgh Urban Initiatives Sub-CDE 3, LP ("Defendant CDE" or "Defendant") is a special purpose entity, established to finance the development of Highmark Stadium in Pittsburgh, Pennsylvania. Def.'s Br. in Opp'n (Doc. 9) at ¶ 1. Defendant CDE has one limited partner – Riverhounds Investment Fund, LLC ("RIF" or "Limited Partner") – a single member limited liability company. Id. at ¶ 4.

On or about October 5, 2012, Riverhounds Lender, LLC ("Plaintiff") entered into a Loan Agreement, promissory note and pledge, assignment and security agreement with RIF, Defendant CDE's sole limited partner. Pl.'s Mot. for Remand (Doc. 2) at ¶ 4. Pursuant to the

loan agreement,[1] Plaintiff loaned RIF an investment "in excess of $5,000,000.00." Id. at ¶ 6. Plaintiff contends that, at least partially by virtue of the loan made by Plaintiff to RIF, RIF came to own a 99.99% membership interest in Defendant CDE. Id. at ¶ 7. RIF's membership interest was pledged as security to Plaintiff Lender for the loan. Id. at ¶ 8. RIF has only one asset: its membership interest in Defendant CDE. Id. at ¶ 9.

Highmark Stadium is owned and operated by Riverhounds Event Center, LP ("REC"). Def.'s Br. in Opp'n at ¶ 7. Riverhounds Acquisition Group, L.P. ("RAG") – an affiliate of REC – owns and operates the Riverhounds soccer team. Id. Also on or about October 5, 2012 – the day on which Plaintiff executed a loan agreement with RIF – Defendant CDE entered into a Loan and Security Agreement with REC for an aggregate principal amount of $7,161,000.00. Id. at Ex. A. RIF "contributed all of the funds necessary for [Defendant] CDE to make the Loan to REC," a portion of which originated from Plaintiff. Id. at ¶ 9. As part of the loan agreement between Defendant CDE and REC, REC granted Defendant CDE a security interest in "substantially all of its assets," and RAG executed a Guaranty of Payment, Performance and Completion. Id. at ¶¶ 10-11.[2]

Both REC and RAG (together, the "Debtors") commenced Chapter 11 bankruptcy proceedings in United States Bankruptcy Court for the Western District of Pennsylvania. Id. at ¶¶ 14-15. Defendant CDE is the largest creditor in these two bankruptcy cases. Id. at ¶ 16. First National Bank provided REC with additional financing, which is senior in priority to the loan by

---

[1] The Court notes that the Loan Agreement and accompanying documents are cited by Plaintiff as exhibits submitted to the Court, but they were not so submitted by Plaintiff. The Loan Agreement is attached to the Complaint filed in state court, as Exhibit B to the Notice of Removal. Notice of Removal, Ex. B.

[2] Defendant has included a useful diagram of the corporate structures involved in this factually complex case. See Def.'s Br. in Opp'n at p. 4.

Defendant CDE pursuant to a Subordination and Intercreditor Agreement. Id. at ¶ 12. Defendant CDE contends that it has participated in extensive negotiations with the Debtors, Terrence C. Shallenberger (the Debtors' majority owner and sponsor), the unsecured creditors' committee in the bankruptcy cases, and First National Bank, in order to come to an agreement (the "Proposed Plan") regarding a Chapter 11 reorganization plan in connection with REC's bankruptcy proceedings. Id. at ¶ 16. At the time of the submission of Defendant CDE's Response to Plaintiff's Motion for Remand, the deadline for creditors to vote on the Proposed Plan was October 31, 2014. Id. at ¶ 17. A hearing to confirm the proposed plan was scheduled for November 7, 2014. Id. The Proposed Plan was adopted by the bankruptcy court on November 7, 2014. Bankruptcy Action No. 14-21180-JAD, Order Confirming Modified First Amended Joint Chapter 11 Plan of Reorganization of Riverhounds Event Center, LP and Shallenberger Investments, LLC Dated September 25, 2014 (Doc. 492).

On September 26, 2014, Plaintiff filed a Praecipe for Writ of Summons against Defendant CDE in the Court of Common Pleas of Allegheny County. Notice of Removal at Ex. 1. On October 7, 2014, Plaintiff filed a two count complaint (the "Complaint") against Defendant CDE in the same action. Id. at Ex. 2. Plaintiff alleges breach of fiduciary duty and requests the appointment of a receiver to represent Defendant CDE in REC's bankruptcy proceeding in order to "preserve [Defendant] CDE's position in the bankruptcy case and to avoid harm to CDE, Riverhounds Investment [RIF] and all creditors of those entities." Id. On October 14, 2014, Defendant CDE filed a Notice of Removal, removing the state court action to this Court. Id. On October 15, 2014, Plaintiff filed its Motion for Remand.

## ANALYSIS

### A. Motion for Remand

In its Motion for Remand, Plaintiff argues that: 1) the district court lacks jurisdiction over this matter, as it does not arise under title 11, or arise in or relate to a case under title 11; 2) in the alternative, the Court is required to abstain from its adjudication; 3) even if the Court is not required to abstain from hearing the instant matter, it should grant permissive abstention and equitable remand; and 4) the bankruptcy court lacks authority to enter a final order in this matter. Pl.'s Mot. to Remand.

Pursuant to 28 U.S.C. § 1452(a), a "party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." According to section 1334(b) of Title 28 of the United States Code, "the district courts . . . have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Defendant contends that this action "arises in" and "relates to" a title 11 bankruptcy case – specifically REC's bankruptcy proceedings. Def.'s Br. in Opp'n at ¶¶ 23, 31.

"[C]laims that 'arise in' a bankruptcy case are claims that by their *nature*, not their particular factual circumstance, could only arise in the context of a bankruptcy case." In re Seven Fields Development Corp., 505 F.3d 237, 260 (3d Cir. 2007) (citing Stoe v. Flaherty, 436 F.3d 209, 218 (3d Cir. 2006)) (emphasis added); see also Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). Plaintiff filed a two count Complaint, alleging breach of fiduciary duty and requesting the appointment of a receiver. While the facts of this particular case happen to arise in the context of a bankruptcy case, these claims need not arise in the context of a bankruptcy case by their nature. As such, this case does not "arise in" a bankruptcy case, and is not a "core proceeding" for bankruptcy purposes. Seven Fields Development Corp., 505 F.3d at 260 (citing

4

Stoe, 436 F.3d at 218); see also Halper, 164 F.3d at 836; U.S. Trustee v. Gryphon at Stone Mason, Inc., 166 F.3d 552, n. 6 (3d Cir. 1999) ("Claims that by nature can only arise in a bankruptcy context are 'core proceedings' that the bankruptcy court has comprehensive power to hear and decide by entering final orders and judgments.") (citing Torkelsen v. Maggio (In re The Guild & Gallery Plus, Inc.), 72 F.3d 1171, 1178 (3d Cir. 1996)).

Removal may still be appropriate even if a claim does not arise in a case under title 11, as long as it is "related to" a title 11 bankruptcy proceeding. 28 U.S.C. § 1334(b). "A proceeding is considered to be 'related to' a bankruptcy case . . . if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" Lichtenfels v. Electro-Motive Diesel, Inc., 2010 WL 653859 at *2 (W.D. Pa. 2010) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 124-25 (1995)). Such cases need not be against the debtor or the debtor's property, and "[c]ertainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedoms of action *or the handling and administration of the bankruptcy estate*." Halper, 164 F.3d at 837 (quoting In re Guild, 72 F.3d 1171, 1180-81 (3d Cir. 1996)) (emphasis added).

Plaintiff alleges that Debtor REC has failed to make payments to Defendant, rendering Defendant insolvent and unable to pay RIF, which is unable to pay Plaintiff. Compl. at ¶¶ 15-16. Plaintiff further alleges that in the context of REC's bankruptcy proceedings, Defendant "has failed to take any action to preserve the ability of [Plaintiff] to receive payment from [REC], including failing to request the payment of adequate protection." Id. at ¶¶ 18-20, 22-23. Plaintiff contends the Defendant is in breach of its fiduciary duty "by failing to take any action to

5

enforce its rights against Riverhounds Event Center, LP, and to secure payments to its creditors and equity holders." Id. at ¶ 26. Plaintiff seeks damages, and the appointment of a receiver to represent Defendant in REC's bankruptcy proceedings, in order to preserve Plaintiff's indirect interests. Id. at ¶¶ 27-30. If Plaintiff succeeds in the instant action, "the handling and administration of [REC's] bankruptcy estate" would be impacted in that a receiver would represent Defendant CDE, the largest creditor in those proceedings; as such, this case is "related to" a case under title 11. Halper, 164 F.3d at 837. As a cause of action related to a case under title 11, this Court has jurisdiction over the instant claim. 28 U.S.C. § 1452(a); 28 U.S.C. § 1334(b).

Plaintiff alternatively argues that the Court must abstain from hearing this matter pursuant to Title 28, United States Code, Section 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Accordingly, abstention is required when the following elements are met: 1) the proceeding is based on a state law claim or cause of action; 2) the claim or cause of action is "related to" a case under title 11 and does not "arise under" title 11 or "arise in" a case under title 11; 3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; 4) an action is commenced in a state forum of appropriate jurisdiction; and 5) the action can be timely adjudicated in a state forum of appropriate jurisdiction. Stoe, 436 F.3d at 213.

As a threshold issue, Plaintiff moved the Court to abstain from this action in a timely manner. The first element is met, as Plaintiff filed a two-count Complaint asserting breach of

fiduciary duty and requesting appointment of a receiver, both of which are state law causes of action. As held *supra*, this case "relates to" a case under title 11, but does not "arise under" or "arise in" a case under title 11. Neither party asserts any basis for federal jurisdiction over the instant matter other than pursuant to 28 U.S.C. § 1334. Thus, the second and third elements are met. An action was commended in the Court of Common Pleas of Allegheny County, and there is no indication that it cannot be timely adjudicated in that state court in a timely fashion. All five elements are met, and this Court therefore shall abstain from hearing the instant matter.

Defendant argues that mandatory abstention is not applicable here, as this is a "core" bankruptcy issue, in that the claim "arises in" a case under title 11. Def.'s Br. in Opp'n at ¶¶ 34-35. As previously held, this is not the case, and the instant matter is "related to" REC's bankruptcy proceedings, but does not "arise in" that case under the governing standard. Defendant provides no other argument against mandatory abstention. Plaintiff's Motion for Remand will be granted in part, and the Court will abstain from adjudicating the instant action.[3]

**B. Motion to Strike**

Plaintiff filed a Motion for Remand on October 15, 2014. On October 22, 2014, Defendant filed its Brief in Opposition, which the Court construed as a Response to Plaintiff's Motion. On October 23, 2014, without seeking leave of the Court to do so, Plaintiff filed a Reply. Defendant moves to exclude Plaintiff's Reply, as it was filed in violation of the Court's Practices and Procedures. Def.'s Mot. to Strike (Doc. 12), ¶ 4.

Defendant is correct that the Practices and Procedures of this Court require leave of the Court prior to filing a Reply in the context of a Motion for Remand. Practices and Procedures

---

[3] As the Court finds that it is obligated to abstain from this action, it need not reach Plaintiff's arguments regarding permissive abstention, or whether a bankruptcy court possesses or lacks constitutional authority to hear the claims.

§ II.B. Plaintiff failed to seek leave of the Court prior to filing a Reply. As such, Defendant's Motion to Strike will be granted, and Plaintiff's Reply has not been considered.

## II. ORDER

For the reasons stated above, Plaintiff's Motion for Remand (Doc. 2) is **DENIED IN PART** and **GRANTED IN PART**. The Motion is **DENIED** insofar as it seeks remand of the instant matter based on absence of jurisdiction. It is **GRANTED** insofar as it seeks the exercise of mandatory abstention.

Defendant's Motion to Strike (Doc. 12) is **GRANTED**.

IT IS SO ORDERED.


April 8, 2015                               s\Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge


cc (via ECF email notification):

All Counsel of Record